## NATIONAL LIFE INS. CO. *v*. HARVEY.

(*Circuit Court, D. Iowa.* May 18, 1881.)

1. INSURANCE—LOAN—USURY.

Where a contract for the loan of money and an agreement for insurance upon the life of the borrower are blended together in one and the same transaction, and the proof shows that the policy of insurance was taken and the premium paid in advance in consideration of the loan, the transaction is usurious if the sum so paid as premium is greater than the interest allowed by law.

McCRARY, C. J. Where a contract for the loan of money and an agreement for insurance upon the life of the borrower are blended together in one and the same transaction, and the proof shows that the policy of insurance was taken and a premium paid in advance in consideration of the loan, and that such consideration was over and above the interest allowed by law, the transaction is usurious. *Ins. Co.* v. *Kittle,* 1 McCrary, 234.* It is not necessary in such a case to show that the premiums charged were unreasonable. It will be presumed that there was in the transaction of insurance a profit to the insurance company, the lender; and if, independently of the premium paid in advance, the maximum rate of interest has been charged and taken, the insurance and the payment of a premium in advance, if intended as a condition precedent to and a further consideration for the loan, will make it usurious. The profit accruing to the lender from the insurance transaction in such a case will be presumed to be something, and, whether great or small, being in excess of the lawful interest, it is usury.

We have, therefore, only to consider whether the proof in this case shows that the policy of insurance upon the life of the respondent was required as a condition precedent to the loan and constituted an additional consideration therefor. This question must, in view of the evidence, be answered in the affirmative. It seems that the proposition was distinctly made to the respondent that if he would apply for a $10,000 life policy the company would loan him $2,000, and the

* S. C. 2 FED. REP. 113.

proposition was assented to    The company afterwards insisted upon a modification of the agreement so far as to make the amount of the loan $1,000 instead of $2,000; but it is, I think, clear from the proof that no loan of any amount would have been made if the respondent had refused to take the insurance and permit the premium ($285) to be retained in advance from the sum loaned.    It is equally clear that the respondent would have declined to take the insurance but for the offer with it, and as a part of the same transaction, of a loan. Indeed, it is manifest that the insurance was demanded as an additional consideration, and more or less valuable, for the loan.    This being the case, clearly, within the rule above stated, the complainant is entitled only to decree for balance due on the principal of the debt, and must pay the costs.